By the Court:
By section 10 of the bill of rights, it is provided that no person shall be held to answer for a capital'or otherwise infamous crime, unless on presentment or indictment of a grand jury, and that the party accused shall be allowed a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed.
Section 7263, Revised Statutes, provides that ‘•All criminal cases shall be tried in the county where the offense was committed, ’ ’ unless in case of a change of venue.
It is urged, on the part of the state, that as the offical acts of the commissioners must usually be performed in Wood county, whatever action may be had elsewhere by them, relates' to and has its legal effect in the place of such official action, that *332 a conviction in a county other than Wood could not result in a removal from office, that the injury resulting from the bribery of the commissioners would be to the people of Wood county, and that they should be tried among the people whom they have injured.
While there is some plausibility in these claims, there is not enough weight in them to overcome the plain provisions of the statute and constitution above referred to. The indictment is not for any wrong done or proposed to be done in Wood county. The act complained of is the solicitation of a bribe. It is the solicitation that, under the statute, constitutes the crime. The object of the statute is to guard against the corruption of the mind of the officer by receiving a bribe, soliciting a bribe, or being offered a bribe by another. Such corruption of the mind might, and most likely would, lead to official misconduct, and hence the first step is made criminal without looking" or waiting for results. This first step was taken in Summit county, and such step began and completed the crime there, without any relation to what might occur thereafter in Wood county.
In criminal cases the judgment of the court acts upon the person and can always be made as broad as the statute under which the conviction is had allows, and no good reason appears why, upon a conviction in Summit county and sentence to the penitentiary, the judgment of the court may not at the same time remove the prisoner from office. The statute says this shall be done, and the statute must control.
The indictment charges that the act of soliciting the bribe was “against the peace and dignity of the state of Ohio, ’' and not against the people of *333 Wood county alone. But even if the people of Wood county were specially injured, the law requires the trial to be had where the crime was committed.
The exceptions are therefore overruled.